UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NULANKEYUTMONEN NKIHTAQMIKON,
Plaintiff,
v.
BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF THE INTERIOR
Defendants.

CV-05-188-B-W

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Nulankeyutmonen Nkihtaqmikon (NN) is a group of private citizens who are members of the Passamaquoddy Tribe and who oppose a ground lease between the Tribe and Quoddy Bay, LLC to construct and operate a liquefied natural gas (LNG) terminal on tribal lands. On June 9, 2005, NN made a Freedom of Information (FOIA) request for documents related to the Bureau of Indian Affairs' (the BIA) approval of the lease. Now, over fifteen months later, after three FOIA requests, two administrative appeals, and a federal lawsuit, the BIA is still revealing the existence of documents responsive to the original request. Because of this history, even though the BIA is entitled to summary judgment on the pending Complaint, the Court stays action on the motion to allow NN to supplement its pleading, if necessary, to resolve any legal issues that may have developed since the filing of the Complaint.

This lawsuit is part of a much larger dispute between the BIA and NN. The BIA approved the lease, provoking NN's inquiry into the grounds for the approval. Filed under FOIA, 5 U.S.C. § 552, NN, in a two-count Complaint, alleges the BIA failed to disclose the Regional Solicitor's Opinion (Solicitor's Opinion) it relied upon in approving the lease and further failed to rule on

Plaintiff's appeal within FOIA's statutory timeframe. *See Compl.* (Docket # 1). Defendants, the BIA and the United States Department of Interior (Department), moved for summary judgment, alleging that the case is moot because Defendants have "voluntarily produced the only document whose withholding plaintiff challenged, and the FOIA does not recognize a separate claim based on an agency's delay in responding to an administrative appeal." *Defs.' Mot. for Summ. J.* at 1 (Docket # 11) (*Defs.' Mot.*).

NN argues that the BIA has still not fully responded to the FOIA request and that it continues to wrongfully withhold documents; NN seeks denial of the motion or, alternatively, leave to file a supplemental complaint. *See Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J.* at 1 (Docket # 14) (*Pl.'s Resp.*). This Court concludes that Count I of the complaint is moot and that the motion for summary judgment on Count II must be granted. To allow NN time to supplement its Complaint to respond to the most recent administrative ruling, this Court stays its decision until no later than October 6, 2006 on the motion for summary judgment and will allow NN until September 29, 2006 to move to supplement the Complaint.

## I. Factual Background[1]

### A. The June 9, 2005 FOIA Request – Documents Concerning the Proposed LNG Construction and the Proposed Lease of Tribal Land – and the BIA Response

On June 9, 2005, NN faxed its initial FOIA request to the BIA Eastern Regional Office. *Pl.'s Additional Statement of Material Facts* ¶ 6 (Docket # 15) (*PASMF*).[2] To follow up, a student

[1] On June 29, 2006, NN filed an opposing statement of material facts and a statement of additional facts, in compliance with Local Rule 56(c). *See Pl.'s Opp. Statement of Material Facts* (Docket # 15). Defendants, while filing a reply to NN's opposition motion, *see* Docket # 16, did not reply to this additional statement of facts, as could have been done under Local Rule 56(d). As "[f]acts contained in a supporting or opposing statement of material facts…shall be deemed admitted unless properly controverted," Local Rule 56(f), the averments in NN's Additional Statement of Material Facts shall be deemed true for purposes of this motion. *See Lamarche v. Metro. Life Ins. Co.*, 236 F. Supp. 2d 34, 38 (D. Me. 2002).

[2] In the June 9, 2005 request, NN sought:

clinician at the Environmental and Natural Resources Law Clinic at Vermont Law School (attorney for Plaintiff), telephoned Suzanne Langan, the BIA's FOIA Coordinator. *Id.* During this conversation, Ms. Langan stated the only document in the BIA's possession related to the request was the proposed ground lease agreement, which Plaintiff already possessed. *Id.*

**B. The July 11, 2005 FOIA Request – Environmental Review Documents, the Solicitor's Opinion, the Appeals Process, and the BIA Decision to Approve the Ground Lease – and the August 5, 2005 BIA Response**

On July 11, 2005, NN mailed a second, more formal FOIA request to the BIA, seeking release of the Solicitor's Opinion and three other categories of information. *Defs.' Statement of Material Facts* ¶ 1 (Docket # 12) (*DSMF*); *Pl.'s Opposing Statement of Material Facts* ¶ 1 (Docket # 15) (*POSMF*).[3] On August 5, 2005, the BIA responded. *DSMF* ¶ 2; *POSMF* ¶ 2a. With respect to Plaintiff's first request, seeking "the environmental review documents, prepared either by the BIA or the Sipayik Environmental Department, and any other environmental

---

1. All documents in your possession and control concerning the proposed construction of a LNG facility by the group "Quoddy, LLC" in or around the Passamaquoddy Bay, Point Pleasant, Fundy Bay, Gleason Point, or Gleason Cove.
2. All documents concerning the proposed lease of tribal land by the Passamaquoddy Reservation at Point Pleasant to Quoddy, LLC.

*PASMF* at Ex. 2. The request included all "reports, survey data, inter and intra-agency correspondence (both written and electronic), agency correspondence with the tribe and/or its members and with Quoddy, LLC (both written and electronic), maps, photographs, environmental studies, charts and graphs, and records of relevant phone calls, minutes of relevant meetings, and any other related documents." *Id.*

[3] The July 11, 2006 FOIA request sought:

1. The environmental review documents, prepared either by BIA or the Sipayik Environmental Department, and any other environmental documents relied upon.
2. The Solicitor's Opinion regarding the decision to approve the lease.
3. Information regarding any appeal process that may be available for this decision through the BIA or the Department of Interior.
4. All documents in your possession and control concerning the decision of BIA to approve the ground lease between Passamaquoddy Reservation and Quoddy, LLC.

*PASMF* ¶ 7. As in the first request, the Plaintiff asked for all "reports, survey data, inter and intra-agency correspondence (both written and electronic), agency correspondence with the tribe and/or its member and with Quoddy, LLC (both written and electronic), maps, photographs, environmental studies, charts and graphs, and records of relevant phone calls, minutes of relevant meetings, and any other related documents". *Id.*

documents relied upon," *POSMF* ¶ 2b, the BIA released the Categorical Exclusion checklist, representing it was the only relevant document.[4] *See DSMF* ¶ 2; *PASMF* ¶ 8.

In response to Plaintiff's second request seeking the Solicitor's Opinion, the BIA withheld the document in its entirety pursuant to FOIA Exemption 5 for inter-agency or intra-agency communications.[5] *DSMF* ¶ 2; *POSMF* ¶ 2c; *PASMF* ¶ 8. In response to the third request, relating to "[i]nformation regarding any appeal process that may be available for this decision through the BIA or Department of Interior," the BIA claimed that it was not required to fill an "information" request and advised NN that it could resubmit the request citing specific documents.[6] *DSMF* ¶ 2; *POSMF* ¶ 2d; *PASMF* ¶ 8. Finally, the BIA responded to the fourth request, for all documents concerning the ground lease approval, by stating that NN already possessed the only document in question, namely a copy of the ground lease. *DSMF* ¶ 2; *POSMF* ¶ 2d; *PASMF* ¶ 8.

**C. The FOIA Appeal and Subsequent BIA Release**

On September 1, 2005, NN filed a FOIA appeal. *DSMF* ¶ 3; *POSMF* ¶ 3. NN asserted that the BIA did not properly consider the scope of its request or the type of documents requested, challenged the BIA's use of Exemption 5, and contested its refusal to fill an "information" request regarding the lease approval appeal process. *PASMF* ¶ 9. On October 6, 2005, the Department issued a decision partially granting NN's FOIA appeal and remanding those portions

---

[4] The BIA states in its Statement of Material Facts that it released "all documents responsive to category 1 of Plaintiff's July 11, 2005 Request." *DSMF* ¶ 2. NN denied this statement, pointing out that the Solicitor's Opinion that the BIA released on April 6, 2006 refers to a letter from the Tribe's expert in the field of natural gas plants and that the BIA June 8, 2006 response letter refers to a twenty-five page environmental study, neither of which was released by the BIA in its August 5, 2005 response. *POSMF* ¶ 2.

[5] *See* 5 U.S.C. § 552(b)(5).

[6] In its Statement of Material Facts, the BIA asserted that it responded to the third request by requesting "clarification and specific reference for the documents sought." *DSMF* ¶ 2. NN denied this statement, stating that the BIA had instead denied its request "by claiming that [it] was not required to fill requests for 'information' and that it further informed Plaintiff that it could submit a new request for specific documents." *POSMF* ¶ 2. The BIA's August 5, 2005 response is attached as Exhibit A to its Statement of Material Facts. It states: "Regarding Item 3; the BIA is not required under FOIA to fulfill an 'information' request. You may feel free to resubmit your request citing specific documents regarding the appeal process." *DSMF* at Ex. A.

to the BIA. *DSMF* ¶ 3. More specifically, the Appeals Officer required the BIA to process NN's request for documents related to the lease approval (including its request for reports and correspondence, both written and electronic), noted that the BIA was incorrect to dismiss the request on the grounds that NN used the term "information" instead of "documents," and determined that the BIA was required by regulations to provide an estimate of the volume of information withheld. *PASMF* ¶ 10. The Department did not at that time determine whether the BIA properly used Exemption 5 to withhold Item 2, the Solicitor's Opinion. *DSMF* ¶ 3; *POSMF* ¶ 3; *PASMF* ¶ 10.

On October 25, 2005, following the remand from the Appeals Officer, the BIA released two additional documents, with redactions, to the Plaintiff. *DSMF* ¶ 4; *POSMF* ¶ 4; *PASMF* ¶ 11. The BIA estimated the entire volume of information withheld to be three pages of the Solicitor's Opinion. *PASMF* ¶ 11. Finally, the BIA noted that it did not "receive or create any electronic media" relevant to the FOIA request. *Id.* On December 6, 2005, NN filed this lawsuit.

**D. The BIA's April 6, 2006 Disclosure of the Solicitor's Opinion, the May 12, 2006 FOIA Request, Further BIA Disclosure, the July 11, 2006 Appeal, and the September 18, 2006 Decision**[7]

On April 6, 2006, four months after NN filed this action, the BIA released the Solicitor's Opinion. *DSMF* ¶ 5; *POSMF* ¶ 5; *PASMF* ¶ 14. The text of this opinion revealed the existence of other documents relevant to NN's July 11, 2005 FOIA request, including a letter from the Passamaquoddy Tribe's expert in the field of natural gas plants.[8] *POSMF* ¶ 2b; *PASMF* ¶ 14. On May 12, 2006, NN served a third FOIA request to the BIA asking for release of the

---

[7] The Court does not recall the Plaintiff referring to an actual decision date; rather, that it had received the decision on Monday. The Court has used the date of receipt as the date of decision for purposes of this Order.

[8] The Solicitor's Opinion states in part: "Additionally, the Tribe will forward to the Bureau a letter from its expert in the field of natural gas plants, describing the basis for his advice to the Tribe concerning the reasonableness of the lease agreement." *POSMF* at Ex. A.

documents referenced in the Solicitor's Opinion. *PASMF* ¶ 15. This request reiterated NN's July 11, 2005 request seeking "[a]ll documents relating to the BIA's decision to approve the lease agreement," and included a specific request for the letter from the natural gas plant expert. *Id.*

After the BIA filed its May 25, 2006 motion for summary judgment, on June 8, 2006, the BIA responded to the May 12th letter, disclosing the existence of ten additional documents relating to Plaintiff's original July 11, 2005 request, including previously undisclosed electronic documents. *PASMF* ¶ 17. The BIA withheld these documents under Exemptions 4 and 5.[9] *Id.* Two additional documents, already in NN's possession, were released. *Id.* In response to the BIA's June 8, 2006 letter, on July 21, 2006, NN filed an appeal with DOI, challenging the BIA's withholding of these additional documents. *See Pl.'s Sur-Reply Memo. to Defs.' Reply Memo. in Further Support of Its Mot. For Summ. J.* Ex. A (Docket # 18).

Finally, at the September 22, 2006 oral argument, counsel brought the Court up to date. On September 18, 2006, Plaintiff received a decision from DOI on the appeal. The Plaintiff represented that the DOI decision revealed the existence of even more relevant documents, but NN had not had sufficient time to decide what its response should be.

**II. Standard of Review**

Though framed as a motion for summary judgment, the parties recognize that Defendants' motion seeks a judgment that this Court lacks subject matter jurisdiction over the action. Therefore, the matter amounts to a motion to dismiss under Rule 12(b)(1). *See Defs.' Mot.* at 5;

[9] Exemption 4, found at 5 U.S.C. § 552(b)(4), provides an exemption for matters involving "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

*Pl.'s Resp.* at 6; *see also Caribbean Mushroom Co. v. Gov't Dev. Bank, P.R. Dev. Fund,* 980 F. Supp. 620, 621 (D.P.R. 1997).[10]

"A motion to dismiss an action under Rule 12(b)(1)…raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.,* 399 F.3d 1, 8 n.6 (1st Cir. 2005) (citation omitted). Article III of the Constitution confines the federal courts' jurisdiction to those claims which embody actual "cases" or "controversies," *see* U.S. Const. art. III, § 2, cl. 1, and "when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome – the case or controversy ceases to exist, and dismissal of the action is compulsory." *See Cruz v. Farquharson,* 252 F.3d 530, 533 (1st Cir. 2001). The "burden of establishing mootness rests squarely on the party raising it, and the burden is a heavy one." *See N.H. Motor Transp. Ass'n v. Rowe,* 448 F.3d 66, 73 (1st Cir. 2006) (citation omitted). The challenger must show that "after the case's commencement, intervening events have blotted out the alleged injury and established that the conduct complained of cannot reasonably be expected to recur." *See Ramirez v. Ramos,* 438 F.3d 92, 100 (1st Cir. 2006) (citations omitted). Voluntary cessation of illegal activity will not render a case moot unless there is "no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.,* 345 U.S. 629, 633 (1953) (citation omitted).

## III. Discussion

### A. Failure to Disclose the Solicitor's Opinion

[10] That this motion should be treated as a motion to dismiss does not mean that the statements of material fact may not be considered. In a Rule 12(b)(1) motion, "[t]he court…may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." *Dynamic Image Technologies, Inc., et al. v. United States,* 221 F.3d 34, 37-38 (1st Cir. 2000). *See also Aversa v. United States,* 99 F.3d 1200, 1209-10 (1st Cir. 1996) ("In ruling on a motion to dismiss for lack of subject matter jurisdiction…the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff…In addition, the court may consider whatever evidence has been submitted . . . .").

In a FOIA case, "once all requested records are surrendered, federal courts have no further statutory function to perform with respect to the particular records that were requested." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 490-91 (D.C. Cir. 1988) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)); *Gillin v. IRS*, 980 F.2d 819, 821 (1st Cir. 1992). Defendants point out that only one document – the Solicitor's Opinion – was sought in the Complaint, and therefore "[b]ecause plaintiff has obtained the relief sought in its complaint, and it is not reasonably expected that BIA will (or can) withhold the Solicitor's Opinion from plaintiff again, the case is moot and should be dismissed for lack of jurisdiction." *Defs.' Mot.* at 6. NN argues that the "BIA has never fully responded to Plaintiff's FOIA request," and "[u]ntil and unless the BIA discloses <u>all</u> documents related to Plaintiff's request…the case is not moot." *Pl.'s Resp.* at 8.

*Payne Enterprises* observed that "even though a party may have obtained relief as to a *specific request* under the FOIA, this will not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." 837 F.2d at 491 (emphasis in original). The stumbling block for NN, however, is that the Complaint makes no challenge to the agency's policy as a whole but rather claims a "Failure to Disclose the Regional Solicitor's Opinion Used by BIA in Approving the Quoddy Bay, LLC Lease." *See Compl.* ¶¶ 18-26. *See also Defs.' Reply to Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J.* at 3 (Docket # 16) (*Defs.' Reply*). *Payne Enterprises* expressly distinguished the type of situation presented here:

> Payne's attack on the Air Force's informal practice of tardy disclosure distinguishes its suit from that in *Gulf Oil Corporation v. Brock*, 250 U.S. App. D.C. 213, 778 F.2d 834 (D.C. Cir. 1985). In *Gulf*, the appellant only challenged Department of Labor regulations <u>as applied</u> to a single FOIA request. Because Gulf failed to advance a facial challenge to the regulations, we were constrained to dismiss its appeal when the FOIA request whose fulfillment Gulf opposed was withdrawn. Payne's broader challenge, however, survives its receipt of the abstracts it requested.

837 F.2d at 491 n.9. *Cf. City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1428 (D.C. Cir. 1994) (noting that it is well-established that if a plaintiff "challenges both a specific agency action and the policy that underlies that action, the challenge to the policy is not necessarily mooted merely because the challenge to the particular agency action is moot.") (emphasis in original). Because Plaintiff limited its complaint to the BIA's response and failed to challenge its policy, Count I is moot.

**B. Leave to File Supplemental Pleadings**

The reality of NN's situation, however, is that when it brought this action, it held a reasonable belief that the only document the BIA had withheld was the three-page Solicitor's Opinion. Through the subsequent disclosure of the Solicitor's Opinion, the BIA's response to NN's third FOIA request, and the DOI's response to the appeal, it has now discovered that there are roughly seventeen responsive documents that the BIA has withheld. Through no fault of its own, the Plaintiff limited the scope of its Complaint to the Solicitor's Opinion. Recognizing this fact, NN, in its Response to Defendants' Motion for Summary Judgment, obliquely requested leave to file a supplemental pleading as an alternative remedy.[11] *Pl.'s Resp.* at 17. In their response, Defendants argue that the Plaintiff is not entitled to such relief because the rules do not allow it and the substance of a supplemental complaint is speculative. *Defs.' Reply* at 5.

Under the federal rules, after a responsive pleading has been filed and 20 days have passed since service of the complaint, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

[11] NN's request was not in the form of a motion as required under Fed. R. Civ. P. 7(b)(1) and 15(d). Defendants made this point in their reply brief. *See Defs.' Reply* at 5 ("The request for leave is not presented in a motion, as required by Fed. R. Civ. P. 7."). If the Plaintiff elects to file a motion to supplement the complaint, it must comply with the rules of civil procedure, including the local rules.

Fed. R. Civ. P. 15(a). With respect to supplemental pleadings, subsection (d) of that rule provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statements of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Fed. R. Civ. P. 15(d). The purpose of this subsection is to "make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. County School Board*, 377 U.S. 218, 227 (1964). Should a court deny a motion to file an amended complaint, that decision is reviewed for abuse of discretion. *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) (citation omitted). Generally, an appellate court will not affirm such a denial "[u]nless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice). . . ." *Id.* Most courts have held that the same standard applies to a motion to file supplemental pleadings under Fed. R. Civ. P. 15(d), and that leave should be freely granted.[12] *See, e.g., Alabama v. United States Army Corps of Eng'rs,* 382 F. Supp. 2d 1301, 1329 (D. Ala. 2005) ("[T]he slight differences between motions to supplement and motions to amend do not affect the standard of review in this case."); 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1504 (noting that, for purposes of the standard of review, "practice under Rule 15(d) is the same as it is under Rule 15(a)."). When the plaintiff files a motion under Rule 15 after a defendant files a motion for summary judgment, the plaintiff has the added burden of showing that the proposed amendments

[12] See, e.g., *Boston Police Superior Officers Fedn. v. Jordan*, No. 03-3396-MA, 1984 U.S. Dist. LEXIS 19036, at *1-2 (D. Mass. Feb. 29, 1984) ("Supplemental pleadings should be freely granted where it will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.").

are supported by "substantial and convincing evidence." *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994) (quoting *Torres-Matos v. St. Lawrence Garment Co.*, 901 F.2d 1144, 1146 (1st Cir. 1990)).

Because Plaintiff's request for leave comes after the filing of the summary judgment motion, Defendants first argue that the Plaintiff has not met its burden under the *Gold* standard to show that the proposed amendment is supported by "substantial and convincing evidence." *Defs.' Reply* at 6. This argument carries little weight. First, NN has produced evidence that BIA repeatedly misinformed NN regarding the extent of documents responsive to its FOIA requests. For example, the BIA's June 8, 2006 letter identifies several documents responsive to the initial FOIA request a year after Plaintiff had filed it and Plaintiff represented on September 22, 2006 that DOI just identified approximately seventeen additional documents that would be responsive. Furthermore, Defendants argue that a proposed amendment to the pleadings is merely speculative. *Id.* Given the substance of the Plaintiff's Response and Sur-Reply, it is apparent that the crux of the matter from NN's perspective is that the BIA is still withholding the ten documents it identified in its letter of July 8, 2006. Although no speculation is needed to conclude that a supplemental pleading would address the documents the BIA apparently acknowledges it is currently withholding, the BIA is correct in pointing out that the legal grounds either for disclosure or non-disclosure are not now fully apparent.

Next, the Defendants argue that Plaintiff is effectively "requesting a delay in the proceedings to correct an oversight that should have been addressed prior to the commencement of summary judgment briefing." *Defs.' Reply* at 6. The Defendants rightly point out that the Scheduling Order in this case set a deadline of June 22, 2006 for amendments to pleadings. *See Sch. Or.* (Docket # 8). However, because the facts that gave rise to NN's motion to supplement the

Complaint were not discovered until after the Defendants filed their motion for summary judgment, the argument loses its force. The BIA, not NN, has the ability to search for and discover responsive documents. Additionally, any delay caused by the filing of a supplemental pleading at this point in the litigation is neither substantial nor prejudicial.[13]

Finally, the Defendants argue that the Plaintiff's request should be denied due to futility, because judicial review of any issues not raised in the September 1, 2005 appeal has been waived. *Defs.' Reply* at 6-7. The Defendants rightly point out that at the time the Defendants filed the motion for summary judgment, the Plaintiff's administrative remedies had not been exhausted with respect to the documents identified in the BIA's June 8, 2006 response. But since then, DOI has addressed the appeal and if its response generates legal issues, the Plaintiff's administrative remedies will have been exhausted with respect to the issues raised on appeal.

This raises the question of relief. If this Court were to grant the motion for summary judgment before the Plaintiff had an opportunity to evaluate whether to file a FOIA suit for the issues raised by the DOI's response to NN's appeal, the Plaintiff would have to initiate a new Complaint. In view of the fact that the Plaintiff should be able to arrive at a decision within a short interval as to whether the DOI's response generates the basis for a supplemental pleading, the Court has determined that the best course of action is to stay its decision on the pending motion for summary judgment. If the Plaintiff determines that no further legal action is necessary, the Court will grant the motion for summary judgment, since the sole basis for the lawsuit is moot. On the other hand, if the Plaintiff files suit, rather than start all over, this Court will grant the motion to supplement the pending lawsuit and will then grant the Defendants' motion for summary judgment on the initial claim.

---

[13] As expressed by the parties in a prior motion, discovery is not typically very significant in a FOIA case. *See Consent Mot. to Amend Sch. Or.* ¶ 1 (Docket # 9). The parties agree this case is no exception. *Id*. ¶ 2.

## C. Timeliness of the Department's Response

Under Count II of the Complaint, the Plaintiff alleges a violation of FOIA and the Department's regulations due to the DOI's "failure to make a determination with respect to Plaintiff's appeal." *Compl.* ¶ 31. The Plaintiff's chief grievance is that the Department failed to rule on whether the BIA's withholding the Solicitor's Opinion pursuant to Exemption 5 was proper. In its opinion, the DOI informed NN that it was unable to reach a determination on this issue, due to "an extraordinarily large number of appeals pending in the Department ahead of [Plaintiff's], the need to fully review the issues [Plaintiff] presented in [its] appeal on this matter, and other unforeseen circumstances." *DSMF* at Ex. B. The Department also informed the Plaintiff of its right to seek judicial review. *Id.*

As noted, FOIA imposes on all agencies a twenty-day deadline to make determinations on appeals. 5 U.S.C. § 552(a)(6)(A)(ii). The agency must inform the appellant of his right to judicial review if the agency's denial is upheld in whole or in part. *Id.*[14] The Department's regulations under this statutory provision reflect this deadline, and if there is a delay, also require the FOIA appeals officer to notify the appellant of the "reason for the delay and the right to seek judicial review." 43 C.F.R. § 2.32(c).[15]

[14] 5 U.S.C. § 552(a)(6)(A)(ii) provides: "Each agency . . . shall make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection." *Id.*

[15] The language of 43 C.F.R. § 2.32 provides:

> (a) The statutory time limit for responding to an appeal is 20 workdays after receipt of an appeal meeting the requirements of § 2.30
>
> …
>
> (c) If you have not received a decision on your appeal within 20 workdays, you have the right to seek review in a District Court of the United States (see 5 U.S.C. 552(a)(4) and (6)). In the event that the Department is unable to reach a decision within the given time limits, the FOIA Appeals Officer will notify you of the reason for the delay and the right to seek judicial review.

*Id.*

The Plaintiff relies on *Oregon Natural Desert Ass'n v. Gutierrez* to argue that it is entitled to declaratory relief because of "the [Department's] failure to comply with the FOIA's statutory time limits." *Pl.'s Resp.* at 16. In *Gutierrez*, the plaintiff sought a declaratory judgment that NOAA Fisheries violated FOIA by failing to respond to a request for documents within the twenty day timeframe under the statute. *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006). NOAA had waited eight months to respond to one of the plaintiff's requests, and never technically responded to a second request. *Id.* In addition, NOAA failed to inform the plaintiff of its appeal rights. *Id.* Under these circumstances, *Gutierrez* accorded the plaintiff declaratory relief, holding that NOAA's actions constituted a violation of FOIA. *Id.*

*Gutierrez*, however, is distinguishable on its facts. Here, Plaintiff's complaint does not address agency delay in responding to a FOIA request, as in *Gutierrez*. Rather, NN seeks declaratory relief with respect to the Department's delay on appeal. Furthermore, unlike *Gutierrez*, there was no substantial delay in the Department's response to NN's appeal. While it did not issue an opinion within 20 workdays, as required under the statute and regulations, the Department did issue an opinion within 24 workdays. A delay of four days pales in comparison to the delay in *Gutierrez*.

Finally, as a constitutional matter, "Article III of the Constitution forbids courts from issuing advisory opinions or answering hypothetical questions." *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 705 (1st Cir. 1994). *See also International Longshoremen's & Warehousemen's Union v. Boyd*, 347 U.S. 222 (1954). Before the Department ruled on whether the Solicitor's Opinion was wrongfully withheld, the BIA released the document in its entirety. Because the BIA's action rendered the issue moot for the purposes of the appeal before the Department, this Court's ruling as to whether Exemption 5 was applicable would constitute an

impermissible advisory opinion. This Court GRANTS the Defendants' motion for summary judgment with respect to Count II of the Plaintiff's complaint.

**IV. Conclusion**

This Court hereby STAYS ruling until no later than October 6, 2006 on the Defendants' motion for summary judgment regarding Count I of the Complaint and allows Plaintiff until September 29, 2006 to file any motion to supplement the Complaint.[16] This Court GRANTS Defendants' motion for summary judgment (Docket # 11) regarding Count II of the Complaint.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2006

[16] This Court considered granting the motion for summary judgment without delay on Count I, but this would leave a conundrum: whether a count that has already been dismissed may be supplemented. A further potential issue is that if both current counts were dismissed, whether a cause of action would still be pending, if the Court stayed the motion to supplement. The more practical solution of staying the action step sides these questions.