UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| NULANKEYUTMONEN NKIHTAQMIKON,<br>     Plaintiff,<br><br>vs.<br><br>BUREAU OF INDIAN AFFAIRS,<br>Eastern Regional Office,<br><br>and<br><br>DEPARTMENT OF THE INTERIOR,<br>Office of the Solicitor<br><br>     Defendants. | Civil Action 1:05-cv-188<br><br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking declaratory and injunctive relief against the Bureau of Indian Affairs (BIA) and the U.S. Department of the Interior (DOI) for violations of the FOIA.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides here.

4.      Relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5.      Plaintiff Nulankeyutmonen Nkihtaqmikon is a group of private citizens who are members of the Passamaquoddy Tribe and residents of the Pleasant Point Passamaquoddy Reservation in Maine. It seeks the release of agency records within the control of the Bureau of Indian Affairs (BIA) that relate to the BIA's approval of a lease to Quoddy Bay, LLC, for the purposes of constructing and operating a liquefied natural gas (LNG) terminal on tribal lands that abut Passamaquoddy Bay.  Nulankeyutmonen Nkihtaqmikon seeks this information to educate members of the Pleasant Point Reservation, as well as the general public, about the impacts of the lease and LNG project on tribal lands and waters, and the Passamaquoddy Bay ecosystem.

6.      Defendant BIA is an agency within the meaning of 5 U.S.C. § 552(f).

7.      Defendant DOI is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 552(f).

## PROCEDURAL BACKGROUND
### Plaintiff's July 11, 2005 FOIA Request

8.      By letter to Defendant BIA dated July 11, 2005, Plaintiff requested under the FOIA the disclosure of:

> 1.  **The environmental review documents, prepared either by BIA or the Sipayik Environmental Department, and any other environmental documents relied upon.**
>
> 2.  **The Solicitor's Opinion regarding the decision to approve the lease.**
>
> 3.  **Information regarding any appeal process that may be available for this decision through the BIA or the Department of Interior.**
>
> 4.  **All documents in your possession and control concerning the decision of BIA to approve the ground lease between Passamaquoddy Reservation and Quoddy, LLC.**

9.      Plaintiff's request was in conformance with the requirements for such requests set forth in Defendant BIA's regulations, 43 C.F.R. § 2.28. In support of its request, Plaintiff noted that the information sought is of significant public concern and directly affects members of Nulankeyutmonen Nkihtaqmikon and Passamaquoddy tribal members.

## Defendant BIA's Response and Denial of Request

10.     By letter dated August 5, 2005, Defendant BIA granted Plaintiff's request for environmental review documents in Item 1, but withheld the Regional Solicitor's Opinion regarding the decision to approve the lease pursuant to 5 U.S.C. § 552(b), which permits an agency to withhold "interagency or intra-agency memorandums or letters that would not be publicly available by law," because the Solicitor's Opinion "reflects the recommendations and advice of staff members, and was used to arrive at a final agency decision." Defendant BIA's Response to Request, August 5, 2005.

## Plaintiff's September 1, 2005 Appeal and Defendants' Response

11.     Pursuant to 5 U.S.C. § 552(a)(6) and Defendant BIA's regulations, 43 C.F.R. § 2.28(a)(2), Plaintiff filed a timely appeal challenging Defendant BIA's withholding of the Regional Solicitor's Opinion because the BIA improperly invoked the "deliberative process" privilege of 5 U.S.C. § 552(b)(5).

12.     By letter to Plaintiff dated October 6, 2005, Defendant Office of Solicitor of the DOI declined to make a determination with regard to Plaintiff's appeal challenging Defendant BIA's withholding of the Regional Solicitor's Opinion because of the "extraordinarily large number of pending appeals," "the need to fully review the issues" presented in the appeal, and "other unforeseen circumstances." Defendant DOI's Response to Appeal, October 6, 2005 (FOIA Appeal No. 2005-173).

3

13.     By letter to Plaintiff dated October 25, 2005, Robert K. Impson, acting regional director of the Eastern Region of the BIA, noted that the Regional Solicitor's Opinion regarding the decision to approve the lease is three pages in length; however the letter did not provide any further explanation of what was in the Regional Solicitor's Opinion or why it was exempt from disclosure.

### Plaintiff's First FOIA Complaint

14.     On December 6, 2005, having exhausted the administrative process, Plaintiff filed suit in the Federal District Court for the District of Maine pursuant to 5 U.S.C. § 552(a)(4)(B), seeking release of the Solicitor's Opinion and a determination that the DOI violated the FOIA's statutory timeframe for responding to appeals.

15.     On March 14, 2006, Defendants answered Plaintiff's complaint.

16.     On April 6, 2006, the BIA spontaneously released the Solicitor's Opinion. The text of the Solicitor's Opinion referenced two additional documents both of which were relevant to Plaintiff's original July 11, 2005 FOIA request.

17.     On May 25, 2006 the BIA filed a motion for Summary Judgment as to Plaintiff's FOIA complaint, claiming that the BIA'ss voluntary release of the Solicitor's Opinion moots the case.

### Plaintiff's May 12, 2006 FOIA Request, BIA's Response, and Plaintiff's Appeal

18.     On May 12, 2006, Plaintiff served another FOIA request to the BIA seeking release of the documents referenced in the Solicitor's Opinion.  This request also reiterated Plaintiff's original July 11, 2005 request seeking "[a]ll documents relating to the BIA's decision to approve the lease agreement."

19.     On June 8, 2006, the BIA responded to Plaintiff's May 12, 2006 FOIA request letter.  In this response the BIA disclosed the existence of eleven additional documents; some of which relate to Plaintiff's original July 11, 2005 request and some of which relate to the May 12, 2006 request.

20.     The BIA withheld ten of these documents however, claiming the FOIA's (b)(5) exemption, which protects against the disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5) (Exemption 5).

21.     The eleventh document was the Passamaquoddy Tribe's letter from its natural gas expert regarding the Tribe's decision to approve the Quoddy ground lease.  It was withheld pursuant to the FOIA's (b)(4) exemption, which protects against the disclosure of "trade secrets and commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4) (Exemption 4).

22.     On July 21, 2006, Plaintiff timely appealed the BIA's June 8, 2006 response. Plaintiff challenged the BIA's withholding of all documents referenced in the June 8, 2006 letter.

### Defendant DOI's Responses to July 21, 2006 Appeal

23.     On August 15, 2005, the Office of Solicitor of the DOI sent Plaintiff a letter stating that it would not make any determination regarding Plaintiff's July 21, 2006 appeal, citing the same reasons as its earlier denial of Issue 5 of Plaintiff's first appeal: because of the "extraordinarily large number of pending appeals," "the need to fully review the issues" presented in the appeal, and "other unforeseen circumstances."

Defendant DOI's Response to Appeal, August 15, 2006 (FOIA Appeal No. 2006-191), Exhibit A to Plaintiff's Motion to Amend.

24.     On September 14, 2006, the Office of Solicitor of the DOI sent Plaintiff a second letter addressing some of the issues raised in Plaintiff's July 21, 2006 appeal.  Defendant DOI's Second Response to Appeal, September 14, 2006, Exhibit B and Exhibit C (attachments) to Plaintiff's Motion to Amend.  In this letter, the DOI determined that: (1) the BIA withheld twenty documents, not eleven as originally identified, (2) the BIA wrongfully withheld three documents because the BIA did not obtain the proper written justification before claiming that the documents were privileged, (3) the BIA properly withheld thirteen documents under the deliberative process privilege of Exemption 5 of the FOIA, (4) the BIA properly withheld four documents under the attorney-client privilege of Exemption 5 of the FOIA.  The DOI released fourteen documents but redacted nearly all of the substantive and relevant information.

25.     On September 21, 2006, the Office of Solicitor of the DOI sent Plaintiff a third letter, resolving the outstanding issues from its September 14, 2006 response.  Defendant DOI's Third Response to Appeal, September 21, 2006, Exhibit D to Plaintiff's Motion to Amend.  In this letter, the DOI determined that it would release three documents: a draft environmental study prepared by the Tribe, a letter from the Tribe's expert in the field of natural gas, and correspondence documents created by the Tribe and Quoddy Bay, LLC, because the BIA did not receive written justification from the Tribe or Quoddy Bay, LLC to withhold the documents.

# CAUSES OF ACTION

## First Claim: Failure to Comply With Plaintiff's Requests to Make Records Available

26.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27.     Section 552(a)(3)(A) of the FOIA requires Defendants to make available all records upon any request which "reasonably describes such records and is made in accordance with published rules . . . and procedures to be followed."  5 U.S.C. § 552(a)(3)(A).

28.     Section 552(a)(6)(C) of the FOIA requires that, "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request."  5 U.S.C. § 552(a)(6)(C).

29.     Section 552(b) of the FOIA requires Defendants to disclose "any reasonable segregable portion of a record . . .after deletion of the portions which are exempt under this subsection."  5 U.S.C. § 552(b).

30.     The BIA violated section 552(a)(3)(A) of the FOIA because it failed to adequately respond to Plaintiff's July 11, 2005 request.  There were additional responsive documents in existence at the time of the request but which were not revealed until almost a year later.  These documents include those referenced in the Solicitor's Opinion and those in the BIA's June 8, 2006 letter.

31.     The BIA violated section 552(a)(3)(A) of the FOIA because it failed to adequately respond to Plaintiff's May 12, 2006 request.  The BIA originally identified in its June 8, 2006 letter eleven responsive documents.  In fact, there were twenty responsive documents and some of these documents were entirely separate documents but which had

been lumped together and wrongly identified.  There may yet be more responsive documents.

32.     The BIA violated section 552(a)(6)(C) of the FOIA because it unlawfully delayed in making available to Plaintiff the records requested in its July 11, 2005 request and its May 12, 2006 request, including delaying disclosure of the Solicitor's Opinion for eight months, delaying disclosure of the documents referenced in the Solicitor's Opinion, and delaying disclosure of the documents referenced in the BIA's June 8, 2006 letter.

33.     The BIA violated section 552(b) of the FOIA because it failed to make reasonable efforts to segregate nonexempt material when withholding documents.

## Second Claim: Wrongful Withholding of Documents

34.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 33 above.

35.     The BIA's obligation to disclose documents under the FOIA does not apply, however, to any matters listed in the exemptions promulgated under section 552(b).

36.     Section 552(b)(4) allows an agency to withhold documents which apply to matters that are "trade secrets and confidential commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).

37.     The BIA improperly invoked this exemption to withhold a letter from the Passamaquoddy Tribe's expert in the field of natural gas, as referenced in the Solicitor's Opinion.  The BIA wrongfully invoked this exemption because it did not have the proper written justification from the Tribe to withhold it, in violation of the BIA's own regulation, 43 C.F.R. § 2.23(e).

38.     Section 552(b)(5) allows an agency to withhold documents which apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).

39.     The BIA has violated the FOIA by consistently and wrongfully invoking the deliberative process privilege of Exemption 5 to withhold documents that are not privileged.

40.     The BIA wrongfully claimed the deliberative process privilege of Exemption 5 to withhold the Solicitor's Opinion.  The Solicitor's Opinion clearly did not qualify as a protected deliberative process document because the BIA released it in its entirety and it did not contain privileged information.

41.     The BIA wrongfully claimed the deliberative process privilege of Exemption 5 to withhold a May 26, 2005 email regarding the BIA's decision to waive a fair market value appraisal of the leased land.  Because this document was expressly adopted as a basis for the BIA's lease approval decision, it does not qualify for the deliberative process privilege of Exemption 5.  Further, because the lease approval decision was already made at the time of Plaintiff's request, the email is not "predecisional" and also is ineligible for Exemption 5.

42.     The BIA wrongfully claimed the deliberative process privilege of Exemption 5 to withhold the Tribe's 25 page draft environmental study.  For one, the document was actually an 18 page document with three separate attachments.  The 18 page study was ineligible for Exemption 5 because it was created by a third party, thus failing the first prong of the "inter- or intra-agency" requirement of Exemption 5.  The three attachments are ineligible for Exemption 5 because they were expressly adopted as a basis for the

BIA's lease approval decision and because they are not "predecisional" since the BIA's approval decision was already made at the time of Plaintiff's request.

43.    The BIA wrongfully claimed the attorney-client privilege of Exemption 5 for one of the documents referenced in the Solicitor's Opinion; the Cherokee Memorandum of March 18, 2003.  Because this document was not created in the course of the BIA's June 1, 2005 lease approval decision, it is not a confidential communication from a client.

44.    The BIA wrongfully claimed Exemption 5 for documents which do not qualify as "inter-agency or intra-agency memorandums or letters" because the documents were created by third parties.  In addition to the Tribe's 25 page draft environmental study, Item 4-h in the BIA's June 8, 2006 response letter, originally claimed as privileged under Exemption 5, was actually three separate documents, all of which were ineligible for the exemption because they were created by third parties (two documents created by the Tribe and one document created by Quoddy Bay, LLC) and thus did not even meet the first prong of Exemption 5.

45.    The BIA wrongfully claimed the deliberative process privilege of Exemption 5 for thirteen documents identified in the DOI's September 14, 2006 Appeal Response letter.  For example, many of the thirteen documents claimed as "predecisional" under the deliberative process privilege are not protected because the decision to which they relate was already made.  See e.g. documents related to the BIA's decision of whether to be a cooperating or intervening agency in the FERC process; the decision to cooperate is already made and thus there is no basis to claim Exemption 5.  See further Plaintiff's Motion to Amend.

46.     When claiming an exemption, the burden is on the agency to provide "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."  Davin v. United States Dep't of Justice, 60 F.3d 1043, 1050 (3rd Cir. 1995).

47.     The DOI failed to meet this burden when responding to Plaintiff's July 21, 2006 appeal because the decision by which the DOI upheld the BIA's use of the deliberative process privilege of Exemption 5 for the thirteen documents was inadequate.  The DOI did not correlate with precision the particular part of each document that was claimed exempt as a "predecisional" deliberative process document with each issue or decision to which the document(s) allegedly relates.

## Third Claim: Impermissible Practice of Delayed Disclosure, Wrongful Withholding of Documents, and Failure to Abide by the Terms of the FOIA

48.     Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 47 above.

49.     Because the above violations have occurred repeatedly, Defendants continue to engage in "an impermissible practice in evaluating FOIA requests."  Payne Enterprises, Inc. v. United States, 837 F.2d 486, 491 (D.C. Cir. 1988).

50.     Defendants continue to engage in an impermissible practice of delayed disclosure by not revealing the existence of documents and not releasing documents as required by the terms of the FOIA.

51.     Defendants continue to engage in an impermissible practice of wrongfully withholding the entirety of documents and portions of documents by improperly claiming Exemptions 4 and 5 of the FOIA.

52.     Plaintiff will "suffer continuing injury due to this practice."  Id.


## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

53.     Order Defendants to conduct, or demonstrate that it has conducted, "a search reasonably calculated to uncover all relevant documents" and to promptly make available any additional records that relate to Plaintiff's FOIA requests.  Gillin v. IRS, 980 F.2d 819, 822 (1st Cir. 1992);

54.     Order Defendants to "provide a relatively detailed justification" that the "withheld portions [of documents] are not segregable from the non-exempt material."  Davin v. United States Dep't of Justice, 60 F.3d 1043, 1050 (3rd Cir. 1995).

55.     Order Defendants immediately to produce a Vaughn index detailing with precision why each document claimed to be privileged is exempt from disclosure, including correlating each document to each "issue" identified in the DOI's September 14, 2006 letter (Plaintiff's Motion to Compel Vaughn Index is filed concurrently);

56.     Order Defendants to immediately release in their entirety all documents currently withheld, including those documents currently withheld in their entirety and those documents which have been released but which the substantive and relevant information has been redacted, or alternatively;

57.     Conduct a judicial in-camera review of each document claimed to be privileged and order the appropriate relief upon such determination pursuant to 5 U.S.C. § 552(a)(4)(B);

58.     Declare that Defendants violated the FOIA by not conducting an adequate search reasonably calculated to uncover all responsive documents to Plaintiff's FOIA requests and by delaying the disclosure of documents;

59.     Declare that Defendants violated the FOIA by wrongfully withholding documents under Exemptions 4 and 5;

60.     Declare that Defendants violated the FOIA by engaging in a systematic and "impermissible practice" of repeatedly and wrongfully failing to adequately respond to Plaintiff's FOIA requests, repeatedly and wrongfully failing to disclose documents, and repeatedly and wrongfully withholding documents, Payne Enterprises, 837 F.2d at 491;

61.     Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

62.     Grant such other relief as the Court may deem just and proper.


Dated this 29th day                    Respectfully submitted,
of September, 2006

                                       /s/ Justin E. Kolber
                                       _____
                                       Justin E. Kolber
                                       jkolber@vermontlaw.edu
                                       Patrick A. Parenteau
                                       pparenteau@vermontlaw.edu
                                       David K. Mears
                                       dmears@vermontlaw.edu
                                       Environmental and Natural Resources Law Clinic
                                       P.O. Box 300
                                       South Royalton, VT 05068
                                       (802) 831-1626
                                       Fax: (802) 831-1631

Attorneys for Plaintiffs

Lynne A. Williams
P.O. Box 177
Glen Cove, ME  04846
lwilliamslaw@earthlink.net

Of Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2006, I electronically filed Plaintiff's First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

Evan J. Roth
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
Portland, Maine 04101
(207) 780-3257
Evan.Roth@usdoj.gov

By:

/s/ Justin E. Kolber
Justin E. Kolber
Patrick A. Parenteau
David K. Mears
Environmental and Natural Resources Law Clinic
P.O. Box 300
South Royalton, VT 05068
(802) 831-1626
Fax: (802) 831-1631
jkolber@vermontlaw.edu
pparenteau@vermontlaw.edu
dmears@vermontlaw.edu

Attorneys for Plaintiffs

Lynne Williams
P.O. Box 177
Glen Cove, ME  04846
lwilliamslaw@earthlink.net

Of Counsel