UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NULANKEYUTMONEN NKIHTAQMIKON, | ) ) ) | |
| Plaintiff, | ) ) | CV-05-188-B-W |
| v. | ) ) | |
| BUREAU OF INDIAN AFFAIRS, DEPARTMENT OF THE INTERIOR | ) ) ) | |
| Defendants. | ) | |

## SECOND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On September 25, 2006, this Court granted summary judgment in favor of Defendants with respect to Count II of Nulankeyutmonen Nkihtaqmikon's (NN) complaint, and stayed ruling on Count I until no later than October 6, 2006 to give NN an opportunity to amend its Complaint. *See Order* (Docket # 29). On September 29, 2006, NN filed an amended complaint and on October 3, 2006, the Court granted NN's motion to amend complaint.[1] *See Pl.'s Mot. to Amend Compl.* (Docket # 30); *First Amended Compl.* (Docket # 31); *Order Granting Pl.'s Mot. to Amend Compl.* (Docket # 33). This Court now grants Defendants' motion for summary judgment (Docket # 11) with respect to Count I of NN's original Complaint.

**I.   Factual and Procedural Background**

---

[1] As of September 29, 2006, the First Amended Complaint became the operative complaint and NN should have included the original Count I. *See Amended Compl.* ¶ 31 (Docket # 31). This would have allowed the Court to grant the Defendants' Motion for Summary Judgment on Count I as its Order contemplated. *See Order* (Docket # 29). Instead, upon the filing of the amended complaint without Count I, NN effectively dropped that cause of action. As a practical matter, whether this Court grants the motion for summary judgment on Count I or whether NN has elected not to pursue it makes little difference. Consistent with its September 29, 2006 Order, the Court grants the Defendants' Motion for Summary Judgment on Count I of the original Complaint, clarifying that the only remaining causes of action are set forth in the First Amended Complaint.

On July 11, 2005, NN mailed a FOIA request to the BIA, seeking release of the Solicitor's Opinion and three other categories of information. On August 5, 2005, the BIA responded, but withheld the Solicitor's Opinion in its entirety pursuant to FOIA Exemption 5 for inter-agency or intra-agency communications. Plaintiff appealed the matter to the Department of Interior, but did not receive a ruling on whether the Solicitor's Opinion was wrongfully withheld and on December 6, 2005, NN filed this lawsuit. On April 6, 2006, four months after NN filed this action, the BIA released the Solicitor's Opinion. Having produced the sole document relating to the Complaint, Defendants moved for summary judgment on May 25, 2006. On September 25, 2006, the Court granted the Defendants' motion as to Count II of the Complaint only, allowed NN to file an amended complaint, and stayed its ruling on Count I to allow NN to decide whether to do so. On September 29, 2006, NN filed a motion to amend complaint and on October 3, 2006, this Court granted the motion, making Count I ripe for action on the pending motion for summary judgment.

**II.     Discussion**

    **A.     Failure to Disclose the Solicitor's Opinion**

In a FOIA case, "once all requested records are surrendered, federal courts have no further statutory function to perform with respect to the particular records that were requested." *Payne Enters., Inc. v. United States,* 837 F.2d 486, 490-91 (D.C. Cir. 1988) (quoting *Perry v. Block,* 684 F.2d 121, 125 (D.C. Cir. 1982)); *Gillin v. IRS,* 980 F.2d 819, 821 (1st Cir. 1992). Defendants point out that only one document – the Solicitor's Opinion – was sought in the Complaint, and therefore "[b]ecause plaintiff has obtained the relief sought in its complaint, and it is not reasonably expected that BIA will (or can) withhold the Solicitor's Opinion from

plaintiff again, the case is moot and should be dismissed for lack of jurisdiction." *Defs.' Mot.* at 6.

*Payne Enterprises* observed that "even though a party may have obtained relief as to a *specific request* under the FOIA, this will not moot a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." 837 F.2d at 491 (emphasis in original). NN's Complaint makes no challenge to the agency's policy as a whole but rather claims a "Failure to Disclose the Regional Solicitor's Opinion Used by BIA in Approving the Quoddy Bay, LLC Lease." *See Compl.* ¶¶ 18-26. *See also Defs.' Reply to Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J.* at 3 (Docket # 16) (*Defs.' Reply*). Because NN failed to make a policy-based challenge and limited its Complaint to the withholding of the Solicitor's Report, and because the BIA subsequently released that document, Count I is therefore moot.

### III.     Conclusion

This Court hereby GRANTS Defendants' motion for summary judgment (Docket # 11) regarding Count I of the Complaint.

SO ORDERED.

/s/ John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2006