UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NULANKEYUTMONEN          )
NKIHTAQMIKON,            )
                        )
          Plaintiff,    )
                        )
     v.                 )          CV-05-188-B-W
                        )
BUREAU OF INDIAN AFFAIRS, )
                        )
          Defendant.    )

**ORDER ON PLAINTIFF'S REQUEST FOR RELIEF**

The Court denies the Plaintiff's Freedom of Information requests for two Bureau of Indian Affairs documents, concluding that they are protected from disclosure under the deliberative process privilege.

**I.      STATEMENT OF FACTS**

**A.      The Travel of the Case**

This case has a tortuous history.  It is a tagalong action to a contentious dispute between Nulankeyutmonen Nkihtaqmikon (NN) and the Bureau of Indian Affairs (BIA) over the BIA's June 1, 2005 approval of a ground lease between Quoddy Bay, LLC and the Pleasant Point Passamaquoddy Reservation.[1]  While NN's law suit challenging the BIA's approval of the lease was pending, NN filed this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of agency records it claimed were "unlawfully withheld by the Bureau of Indian Affairs and the U.S. Department of the Interior."  *Compl. for Declaratory and Injunctive Relief* at 1 (Docket # 1).  On May 25, 2006, BIA moved for summary judgment.  *Def.'s Mot. for*

---

[1] "Nulankeyutmonen Nkihtaqmikon," also spelled "Nulankeyutmonen Nkihtahkomikumon," translates into English from Passamaquoddy as "We Protect the Homeland."  *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 23 n.1 (1st Cir. 2007).

*Summ. J.* (Docket # 11).  After some delay caused by the preparation of a Vaughn index, BIA filed an amended motion for summary judgment on December 1, 2006 and NN filed a cross-motion for summary judgment on December 22, 2006.  *Defs.' Mot. for Summ. J.* (Docket # 49); *Pl.'s Cross-Mot. for Summ. J.* (Docket # 55).

Despite what the Court characterized as a "troubling history of dribbling disclosure," on June 22, 2007, the Court granted BIA's amended motion and denied NN's cross-motion. *Nulankeyutmonen Nkihtaqmikon v. Bureau of Indian Affairs*, 493 F. Supp. 2d 91 (D. Me. 2007) (*NNI*).  For many of the non-disclosed documents, a main basis for the Court's decision was that they were "predecisional" and protected from disclosure by the deliberative process privilege. *Id.* at 102-04.  Although BIA fixed the date for the final agency action for waiving the need for an appraisal as June 1, 2005, it maintained that "as regards other issues, including the approval of the ground lease, . . . the documents relate to the ongoing decisional process required for [Federal Energy Regulatory Commission (FERC)] approval." *Id.* at 103.  Accepting BIA's representation, the Court concluded that documents after June 1, 2005 were indeed predecisional, and denied NN's FOIA request. *Id.* at 107.  NN appealed to the Court of Appeals for the First Circuit.

Meanwhile, the companion case wended its way through federal court, and, as it happened, a critical issue in that case was also whether the June 1, 2005 lease approval was final. Before this Court, the BIA maintained that its approval of the ground lease was contingent upon FERC approval, that NN lacked standing to challenge a preliminary approval, and that in any event its claims were not ripe. *Nulankeyutmonen Nkihtaqmikon v. Impson*, 462 F. Supp. 2d 86, 92-93 (D. Me. 2006).  The Court agreed; NN appealed.  While on appeal, however, BIA changed position regarding the finality of its lease approval, and conceded that its June 1, 2005 lease

2

approval was final.  *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 26 (1st Cir. 2007).

On September 14, 2007, the First Circuit reversed, "based in large part on the BIA's change of

position on appeal."  *Id.*  at 23.

BIA's concession directly affected NN's FOIA claim, since the BIA could no longer

plausibly maintain that the documents created after June 1, 2005 were predecisional.  On June

16, 2008, the First Circuit agreed with NN that BIA's change in position "altered the analysis of

whether certain documents at issue are actually 'predecisional' for purposes of the 'decisional

process privilege' codified at 5 U.S.C. § 552(b)(5)."  *Nulankeyutmonen Nkihtaqmikon v. Bureau

of Indian Affairs*, No. 07-2290, 2008 U.S. App. LEXIS 27455 *1 (1st Cir. June 16, 2008).  The

First Circuit remanded the FOIA case to this Court.  *Id.* at *2.

On June 19, 2008, NN filed a motion for relief from judgment, which the Court granted

on March 4, 2009.  *Nulankeyutmonen Nkihtaqmikon v. Bureau of Indian Affairs*, 601 F. Supp. 2d

337 (D. Me. 2009).  On April 1, 2009, the First Circuit, having reviewed an interim BIA status

report and the Court's March 4, 2009 Order granting relief from judgment, remanded the case to

this Court.  *J.* (Docket # 97).  The Court held a telephone conference with the parties on April

10, 2009.  *Tr. of Proceedings* (Docket # 101).  After the First Circuit decision, but before the

mandate, on April 17, 2009, the BIA filed a status report in accordance with the Holder

memorandum in which it made discretionary disclosures of a number of previously withheld

documents. *Second Status Report* (Docket # 99).

NN filed a memorandum on April 24, 2009 and the BIA responded on May 1, 2009.

*Pl.'s Req. for Relief* (Docket # 100) (*Pl.'s Req.*); *Resp. to Pl.'s Req. for Relief* (Docket # 102)

(*BIA Resp.*).   The BIA supplied supplemental authority on July 28, 2009.   *Notice of

Supplemental Authority* (Docket # 104).

3

## B.      The FOIA Document Claim

Although the parties have battled over scores of documents, the FOIA dispute has now boiled down to only two contested documents:  1) Vaughn # 4, the Keel Memorandum; and, 2) the Tricky Memorandum.

### 1.      Vaughn # 4:  The April 16, 2006 Keel Memorandum

The BIA has provided NN with Vaughn # 4 in redacted form.  *Redacted Vaughn Index* Ex. R-4 (Docket # 47).  In its redacted form, Vaughn # 4 is a memorandum dated April 19, 2006 from Frank Keel, the Director of the Eastern Region of BIA, to Patrick Ragsdale and Mike Smith of BIA, and copied to Robert Impson, Randall Trickey, and James Kardatzke, all of BIA, regarding the Passamaquoddy pipeline lease.  *Id.*  The redacted document reveals the first two paragraphs of the memorandum and Mr. Keel's recommendation that "[n]o Bureau action is necessary at this time."  *Id.*

### 2.      Vaughn # :  The June 1, 2005 Tricky Memorandum

On June 1, 2005, the same day the BIA approved the ground lease, BIA Regional Realty Officer Randall Tricky wrote a memorandum "to file" concerning whether the BIA should approve the ground lease.

## II.      DISCUSSION

### A.      What Remains

There is confusion as to what is currently before the Court for disposition.  NN's twenty-seven page memorandum dated April 24, 2009, demands declaratory and injunctive relief "based on: (1) BIA's unreasonable and inadequate searches for documents; (2) BIA's wrongful withholding of documents for nearly four years under the deliberative process privilege; and, (3) BIA's pattern and practice of inadequate searches, wrongful withholding, and egregious delays

in disclosing documents under FOIA." *Pl.'s Req.* at 1.  NN also demands attorney fees and costs.  *Id.*  The BIA filed a terse three page response, addressing only the remaining FOIA requests and observing that the remainder of NN's request "exceeds the matters requested by the Court in the April 10th conference call." *BIA Resp.* at 3.  It is apparent the parties emerged from the conference call with different impressions.[2] *Tr. of Proceedings*.  Because the BIA interpreted the conference to require briefing only on document disclosure, it is unfair to reach NN's remaining requests for relief at this point.

### B.      Vaughn # 4: The April 16, 2006 Keel Memorandum

In its Order dated June 22, 2007, the Court previously addressed the April 16, 2006 Keel Memorandum.  On November 22, 2006, when the BIA filed the Vaughn Index, it claimed the deliberative process privilege as the sole basis for nondisclosure of Vaughn # 4.  *Def.'s Vaughn Index* at 9-10 (Docket # 47).   More specifically, the BIA said that the "redacted portion of this e-mail summarizes a telephone conference call between the author, the U.S. Department of Justice, and the Department's Office of the Solicitor regarding litigation strategy in the lawsuit *Nulankeyutmonen Nkihtaqmikon, et al. v. Acting Regional Director, Eastern Region*, Civ. No. 1:05-cv-168 (D. Me.)." *Id.* at 10.  The BIA reiterated this view when it responded to NN's motion for summary judgment.  *Opp'n to Pl.'s Mot. for Summ. J.* at 4 (Docket # 62).

In its response to NN's request for relief, the BIA agreed that "[t]he only remaining withheld document for the Court to consider is Vaughn #4." *BIA Resp.* at 2.  It referred to six previously-filed documents to explain its position on Vaughn # 4.  *Id.*  The Court has carefully

---

[2] The Court carefully reviewed the transcript of the April 10, 2009 conference call.  Without placing fault, the transcript reveals that the Court and counsel were at cross-purposes.  NN's counsel seemed to have skipped beyond whether any remaining documents should be disclosed and kept discussing its claims for additional relief, including declaratory and injunctive relief and attorney's fees.  The BIA's counsel seemed focused on whether the remaining documents should be disclosed, leaving NN's other claims for later. For its part, the Court kept trying to steer the parties toward a systematic plan for resolving the remaining claims.  For one reason or another, the participants, including the Court, did not communicate well with each other.

reviewed each of the generally cited documents, and has isolated the references within those multi-page documents to locate where the BIA mentioned Vaughn # 4.

To qualify for the deliberative process privilege, "a document must be (1) predecisional, that is, 'antecedent to the adoption of agency policy,' and (2) deliberative, that is, actually 'related to the process by which policies are formulated.'"  *NNI*, 493 F. Supp. 2d at 103 (quoting *Texaco P.R., Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995)).   The "predecisional" and "deliberative" aspects the deliberative process privilege are discussed further in *Providence Journal v. United States Dep't of Army*, 981 F.2d 552, 557 (1st Cir. 1992).  The predecisional requirement is satisfied if the agency can "(i) pinpoint the specific agency decision to which the document correlates, . . . (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, . . . and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Id*. (citations and quotation marks omitted).  A predecisional document qualifies as "deliberative" when the document "(i) form[s] an essential link in a specified consultative processes, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency."  *Id*.  at 558 (quotation marks omitted).

Although the BIA changed its position on whether the June 1, 2005 ground lease approval was final, the BIA is not asserting the June 1, 2005 decision as the operative one in question for disclosure of the Keel Memorandum.  Instead, the BIA is arguing that the email summarized strategic decisions the BIA had not then made regarding its litigation strategy for the pending lawsuit.  Specifically, the BIA contends that the Keel Memorandum "outlines the options [the Regional Director] believes are available to the BIA and the actions he believes the

BIA may have to take if the court rules a certain way.  The summary . . . is the author's selective independent impression and interpretation of the issues presented during the conversations and opinions of what elements of the meeting were important to be conveyed to others within the agency regarding the law suit."  *Def.'s Vaughn Index* at 10.  Claiming the Keel Memorandum addressed litigation strategy, the BIA relies upon Exemption 5 of FOIA to protect the email from disclosure.

Exemption 5 provides that the FOIA disclosure provisions do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  The Supreme Court has held that "Exemption 5 incorporates the privileges which the Government enjoys under the relevant statutory and *case law* in the pretrial discovery context."  *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984) (quoting *Federal Trade Comm'n v. Grolier*, 462 U.S. 19, 26-27 (1983) (emphasis in original)); *Providence Journal Co.*, 981 F.2d at 557 (stating that "[a]gency documents which would not be obtainable by a private litigant in an action against the agency under normal discovery rules (*e.g.*, attorney-client, work-product, executive privilege) are protected from disclosure under Exemption 5").  The primary purpose of Exemption 5 is to "enable the government to benefit from 'frank discussion of legal or policy matters.'"  *Fed. Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 23 (1983) (quoting S. Rep. No. 813 at 3).

Applying the two-part deliberative process privilege test as explained in *Providence Journal*, the Court concludes that the redacted portions of the Keel Memorandum are predecisional and deliberative.  *Providence Journal*, 981 F.2d at 557-59.  The redacted portions are predecisional as regards the position the BIA was going to assume in pending litigation and fall within the deliberative process as regards the reasons for electing a particular course of

action.  No less than a private party engaged in litigation, individuals within the BIA must be able to freely discuss their "uninhibited opinions and recommendations."  *Id.* at 557.  The Court concludes that the redacted portion of the Keel Memorandum satisfies the deliberative process privilege test and fits well within Exemption 5 and therefore is protected from disclosure.  *Id*. at 557-59.

### C.   The June 1, 2005 Tricky Memorandum

On July 10, 2008, the Court addressed whether the memorandum from Randall Tricky is protected by the deliberative process privilege, and after applying the *Providence Journal* factors, concluded that the privilege applied and the BIA was not required to disclose the Tricky Memorandum.  *Nulankeyutmonen Nkihtaqmikon v. Impson*, 251 F.R.D. 64 (D. Me. 2008). Nothing has occurred since the Court's July 10, 2008 decision that changes the Court's ruling.

## III.   CONCLUSION

The Court DENIES Nulankeyutmonen Nkihtaqmikon's Freedom of Information Act requests for the Bureau of Indian Affairs to disclose the Keel Memorandum, Vaughn # 4, and the Tricky Memorandum.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE


Dated this 13th day of November, 2009