UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NULANKEYUTMONEN NKIHTAQMIKON,<br><br>         Plaintiff,<br><br>    v.<br><br>BUREAU OF INDIAN AFFAIRS,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)  CV-05-188-B-W<br>)<br>)<br>)<br>) |

**ORDER**

Pending is the Plaintiff Nulankeyutmonen Nkihtaqmikon's (NN) motion for award of attorney fees and costs, requesting a total award of $157,021. *Pl.'s Pet. for Attorney Fees and Costs Under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E)* at 13 (Docket # 116) (*Pl.'s Pet.*). As part of its motion, NN requests compensation for work on an appeal made to the First Circuit. *See Id.*, Attach. 2, *Litigation Summary*; *Notice of Appeal* (Docket # 76).

The First Circuit Local Rule 39.1(b) provides

> An application, under any statute, rule or custom other than 28 U.S.C. § 2412, for an award of fees and other expenses, in connection with an appeal, must be filed with the clerk of the court of appeals within 30 days of the date of entry of the final circuit judgment, whether or not attorney fees had been requested in the trial court, except in those circumstances where the court of appeals has ordered that the award of fees and other expenses be remanded to the district court for a determination. For purposes of the 30-day limit, a judgment must not be considered final until the time for filing an appeal or a petition for a writ of certiorari has expired, or judgment is entered by the court of last resort. If any party against whom an award of fees and other expenses is sought has any objection to the application, such objection must be filed within 30 days of service of the application. The court of appeals may, in its discretion, remit any such application to the district court for a determination.

1st Cir. Loc. R. 39.1(b). The First Circuit's April 1, 2009 judgment remanding the matter to this Court did not include a determination on attorney fees or costs. *Judgment of the United States*

*Court of Appeals for the First Circuit*, *Nulankeyutmonen Nkihtaqmikon v. BIA*, No. 07-2290 (April 1, 2009) (Docket # 103).  Further, there is no record evidence that NN filed an attorney fees application to the First Circuit in accordance with Rule 39.1, and this Court has never received an order from the Circuit Court remitting "such application to the district court for determination." 1st Cir. Loc. R. 39.1(b).

The Court is unclear whether, absent a directive from the First Circuit, it retains the authority to order attorney fees for work during NN's appeal, and neither party addressed the issue.  It strikes the Court that it is in a poor position to evaluate the reasonableness of appellate work that it has never seen; nevertheless, the Court would like the assistance of counsel.  The parties shall inform the Court of their respective positions as to whether the district court has authority to award to the prevailing party of a Freedom of Information Act action attorney fees incurred during the course of an appeal.  Unless NN concludes that the Court is without such authority and withdraws its request for appellate fees, the Court ORDERS the parties to file briefs setting forth the legal authority for their positions within seven days of the date of this Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2010